# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKEBIA THERAPEUTICS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; SEEMA VERMA in her official capacity as Administrator of the CENTERS FOR MEDICARE & MEDICAID SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES, <br><br>     Defendants. | Civil Action No. 19-12132-ADB |

## MOTION FOR EXTENSION OF TIME

The government respectfully moves for a 21-day extension, until December 3, 2019, of the deadline to file an opposition to the motion by plaintiff Akebia Therapeutics, Inc. ("Akebia"), for a preliminary injunction. The government further requests that the Court stay briefing on Akebia's motion for summary judgment until after the Court has ruled on the government's motion to dismiss, which the government intends also to file on December 3. As described further below, Akebia waited over a year to file its preliminary injunction motion. The short extension that the government proposes would provide undersigned counsel time both to familiarize themselves with the legal and factual issues and to prepare a thoughtful response, while also not unduly prejudicing Akebia.

## BACKGROUND

Akebia is a Cambridge-based pharmaceutical company.  In December 2018, it purchased Keryx Biopharmaceuticals ("Keryx").  *See* Dkt. 18, Declaration of John P. Butler, ¶ 4.  Keryx had developed a drug called Auryxia (ferric citrate), which is an iron salt.  In September 2014, the Food and Drug Administration ("FDA") approved Auryxia to treat hyperphosphatemia in patients with chronic kidney disease on dialysis.  *See id.*, ¶ 5.  In November 2017, the FDA approved Auryxia to treat iron deficiency anemia in patients with chronic kidney disease who are not on dialysis.  *See id.*  Auryxia costs thousands of dollars per year.  *See id.*, ¶ 36.

Part D of the Medicare statute provides subsidized prescription drug insurance for Medicare enrollees.  42 U.S.C. §§ 1395w-101 to 1395w-154.  Under Medicare Part D, Medicare does not directly reimburse beneficiaries for their prescription drug expenses.  Instead, CMS contracts with private insurers ("sponsors") to provide prescription drug coverage to Medicare beneficiaries who elect to enroll in a Part D plan.  *See* 42 U.S.C. §§ 1395w-111 and 1395w-112.  Congress barred Medicare Part D prescription drug plans from covering "prescription vitamins and mineral products, except prenatal vitamins and fluoride preparations."  *See* 42 U.S.C. § 1395w-102(e)(2); 42 U.S.C. § 1396r-8(d)(2)(E).  In general, the Centers for Medicare & Medicaid Services ("CMS"), which administers Medicare Part D, has interpreted this exclusion to mean that prescription vitamins and minerals are not covered Part D drugs when used for treatment of vitamin or mineral deficiencies or conditions caused by vitamin or mineral deficiencies, but that they may be covered Part D drugs when used for treatment of a condition other than a vitamin or mineral deficiency or a condition caused by a vitamin or mineral deficiency.

In September 2018, CMS sent Part D plan sponsors an e-mail (attached to Akebia's complaint as Exhibit 1) with non-binding, sub-regulatory guidance concerning Part D coverage for Auryxia.  CMS stated that, "[s]ince Auryxia may or may not meet the definition of a Part D drug depending on its use, [CMS] *expect[ed]* that Part D sponsors will utilize a prior authorization (PA) edit, or other process, to ensure that it is being used for a Part D covered indication."  (Emphasis added.)  CMS's "expectation" did not impose any requirement on the Part D plan sponsors.  In the e-mail, CMS noted that, "[c]onsistent with other iron products, ferric citrate was removed from the August CY 2018 formulary reference file (FRF)."[1]  But because "CMS does not consider [Auryxia] to be excluded from Part D for [treatment of hyperphosphatemia], Auryxia will be added back to the September CY 2018 FRF. . . ."  The end result of this process is that CMS has included Auryxia on its Formulary Reference File since September 2018, with the advice to Part D plan sponsors that they use a process, such as a prior authorization edit, to ensure that they are complying with the statutory requirements of Part D.

Now, in the middle of the Medicare Part D open enrollment period, *see* https://www.cms.gov/Outreach-and-Education/Reach-Out/Find-tools-to-help-you-help-others/Medicare-Open-Enrollment.html, and more than a year after learning of the sub-regulatory guidance it challenges, Akebia seeks extraordinary relief from this Court:  a status quo-altering preliminary injunction enjoining the purported "CMS Decision" and ordering the government to notify Part D sponsors that, effective immediately, CMS's September 2018

---

[1] "The FRF serves as a listing of drug products that can be included on Part D sponsors' Health Plan Management System (HPMS) formulary files that are submitted to CMS for review and approval."  CMS, *Formulary Reference File Frequently Asked Questions* (Apr. 8, 2014), *available at* https://www.cms.gov/Medicare/Prescription-Drug-Coverage/PrescriptionDrugCovContra/RxContracting_FormularyGuidance.html

"decision" has been enjoined, Auryxia is a covered Part D drug for both its hyperphosphatemia and IDA indications, and prior authorization is no longer required for the use of Auryxia in the hyperphosphatemia indication.  Dkt. 15 at 4-5.

Akebia filed its Complaint on October 15, 2019, and served the government on October 18, 2019.  Compl.; Dkt. 14.  Two weeks after filing its complaint, Akebia filed its Motion for Preliminary Injunction or, in the Alternative, Motion for Summary Judgment.  Dkt. 15.  Akebia's filings are voluminous, including seven declarations and exhibits totaling over 350 pages.  The current deadline to respond to the motion for preliminary injunction is November 12, 2019, and the deadline to respond to the summary judgment motion is November 19, 2019.

## ARGUMENT

This case involves a complex regulatory scheme and an already substantial docket, and there is no urgency that supports depriving the government of time to prepare a thoughtful and thorough response to Akebia's filings.  The CMS e-mail that Akebia challenges is more than a year old, and Akebia has proffered no reason for waiting until October 2019 to seek judicial relief.  Given the lengthy period that Akebia has already allowed to pass, and that the government still proposes to file its opposition and motion to dismiss no later than December 3, 2019, the government's requested extension is relatively short.  Absent Akebia's preliminary injunction motion, the government would not have had to file its motion to dismiss until December 17, 2019.

Separately, Akebia has articulated no reason why its motion for summary judgment must be briefed before allowing the government an opportunity to file a potentially dispositive motion to dismiss for lack of jurisdiction and failure to state a claim.  In that motion, the government likely will make at least two threshold arguments:  first, this Court lacks subject-matter

jurisdiction because Akebia has failed to exhaust administrative remedies as required by 42 U.S.C. §§ 405(g) and (h); and second, that CMS's e-mail was non-binding, sub-regulatory guidance that does not constitute a "final agency action" permitting APA review. A ruling for the government on either of these arguments would obviate the need to address summary judgment.

## CONCLUSION

The government's proposed schedule would give it a reasonable time to respond to Akebia's motion and would not unduly prejudice Akebia. Accordingly, the government respectfully requests the Court (1) extend until December 3, 2019, the government's deadline for filing an opposition to Akebia's preliminary injunction motion, and (2) defer further briefing on Akebia's motion for summary judgment until after the Court has ruled on the government's motion to dismiss, which the government will file on or before December 3, 2019.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ Erin E. Brizius*
      Gregg Shapiro (BBO #642069)
      Erin E. Brizius (NY #4821161)
      Assistant United States Attorneys
      United States Attorney's Office
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3100
      gregg.shapiro@usdoj.gov

Dated: November 7, 2019      erin.e.brizius2@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

      I hereby certify that, pursuant to Local Rule 7.1, I conferred with Plaintiff's counsel on November 5, 2019. Plaintiff's counsel does not assent to the relief requested in this Motion and intends to file an opposition.

|  |  |
|---|---|
|  | */s/ Erin E. Brizius* |
|  | Erin E. Brizius |
| Dated: November 7, 2019 | Assistant United States Attorney |

## CERTIFICATE OF SERVICE

      I, Erin E. Brizius, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | */s/ Erin E. Brizius* |
|  | Erin E. Brizius |
| Dated: November 7, 2019 | Assistant U.S. Attorney |