# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

AKEBIA THERAPEUTICS, INC.,

    Plaintiff,

v.

ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; SEEMA VERMA, in her official capacity as Administrator of the CENTERS FOR MEDICARE & MEDICAID SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES,

    Defendants.

No. 19-cv-12132-ADB

## MOTION FOR LEAVE TO FILE AMICUS BRIEF OF MASSACHUSETTS BIOTECHNOLOGY COUNCIL IN SUPPORT OF PLAINTIFF AKEBIA THERAPEUTICS

Proposed *amicus curiae*, Massachusetts Biotechnology Council ("MassBio"), by and through its undersigned counsel, respectfully moves for leave to file the attached brief in support of the motion for preliminary injunction or, in the alternative, for summary judgment, ECF 15, filed by Plaintiff Akebia Therapeutics, Inc. ("Akebia") and, in support thereof, states as follows:

1. MassBio is a not-for-profit organization founded in 1985. It represents more than 1,200 biotechnology companies, academic institutions, disease foundations, and other organizations involved in life sciences and healthcare. MassBio is committed to advancing Massachusetts' leadership in the life sciences, adding value to the healthcare system, and improving patient lives.

2. MassBio and its member organizations have a significant interest in the Court's consideration of the above-captioned matter. The unexplained decision of the Centers for Medicare & Medicaid Services ("CMS") to declare that Auryxia® (ferric citrate) ("Auryxia") is

no longer a covered drug eligible for reimbursement when used to treat iron deficiency anemia in patients with chronic kidney disease and to require prior authorization when used to treat hyperphosphatemia (the "CMS Decision") creates inconsistencies in the application of CMS reimbursement that will have significant negative effects on market participants, patients, and federal healthcare programs. As explained in greater detail in MassBio's submission, the CMS Decision is inconsistent with (i) CMS's treatment of similarly situated products, (ii) other governmental agencies' treatment of Auryxia, and (iii) CMS's own treatment of Auryxia. Such inconsistency, if tolerated, will have dramatic adverse effects on future drug development. Manufacturers must evaluate investment decisions years in advance, and can only make the necessary commitment of resources if they can be confident the regulatory agencies will act in a reasoned manner, consistent with law and established practice. CMS's unexplained regulatory about-face also undermines healthcare providers, who rely on continuity of care of when making prescribing choices, and patients, who rely on Medicare Part D to cover the cost of those products. MassBio, as a representative of participants across the life sciences and healthcare communities, is particularly well suited to assist the Court in understanding these broader implications of the parties' specific dispute.

3. Akebia is a member of MassBio. Neither Akebia nor Akebia's counsel authored the proposed *amicus* brief in whole or in part. Neither Akebia nor Akebia's counsel, and no person other than MassBio or its counsel, contributed money intended to fund preparing or submitting the brief. *Cf.* Sup. Ct. R. 37.6 and Fed. R. App. P. 29(a)(4)(E) (requiring such a representation in *amicus* briefs filed before those courts).

4. This Court has broad discretion to permit the filing of *amicus* briefs, and often welcomes the input and perspective they may provide. *See, e.g.*, *Boston Gas Co. v. Century Indem. Co.*, No. 02–12062–RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) ("[Federal district] courts have inherent authority and discretion to appoint amici."); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential

ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (citations omitted); *see also Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . ."); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) ("The role of an *amicus curiae,* meaning friend of the court, is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.") (citation and quotation omitted).

5. Undersigned counsel conferred with counsel for both parties on or about November 13, 2019, and attempted in good faith to resolve or narrow the issue presented by this motion. Akebia consented to the filing of this *amicus* submission. Defendants did not consent and noted their intent to file an opposition.

6. As a grant of this motion lies within the sound discretion of the Court, no memorandum of law is necessary.

**WHEREFORE,** MassBio respectfully requests that this Court grant leave to file the attached brief as *amicus curiae* on the docket.

Dated: November 13, 2019

Respectfully submitted,

/s/ Douglas Hallward-Driemeier
Douglas Hallward-Driemeier (BBO # 627643)
Douglas.Hallward-Driemeier@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508-4600 (voice)
(202) 508-4650 (fax)

*Attorney for Massachusetts Biotechnology Council*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I HEREBY CERTIFY that I conferred with counsel for both parties on or about November 13, 2019, and attempted in good faith to resolve or narrow the issue presented by this motion. Akebia consented to the filing of this *amicus* submission. Defendants did not consent and noted their intent to file an opposition.

/s/ Douglas Hallward-Driemeier
Douglas Hallward-Driemeier (BBO # 627643)
Douglas.Hallward-Driemeier@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue NWS
Washington, DC 20006
(202) 508-4600 (voice)
(202) 508-4650 (fax)

*Attorney for Massachusetts Biotechnology Council*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, November 13, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record to their registered electronic mail addresses.

/s/ Douglas Hallward-Driemeier
Douglas Hallward-Driemeier (BBO # 627643)
Douglas.Hallward-Driemeier@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508-4600 (voice)
(202) 508-4650 (fax)

*Attorney for Massachusetts Biotechnology Council*