UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AKEBIA THERAPEUTICS, INC.,

    Plaintiff,

v.

ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; SEEMA VERMA in her official capacity as Administrator of the CENTERS FOR MEDICARE & MEDICAID SERVICES; and CENTERS FOR MEDICARE & MEDICAID SERVICES,

    Defendants.

Civil Action No. 19-cv-12132-ADB

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

    Plaintiff Akebia Therapeutics, Inc. ("Akebia") brings this action, seeking declaratory and injunctive relief regarding a decision by the Centers for Medicare and Medicaid Services ("CMS") that eliminated coverage under Medicare Part D for Akebia's product, Auryxia, for use in treating iron deficiency anemia in patients with chronic kidney disease. [ECF No. 1 ("Compl.")]. Akebia alleges that CMS's decision runs afoul of the Administrative Procedure Act ("APA") and seeks, among other things, an injunction requiring the Government to rescind CMS's decision. [Id.].

    Currently before the Court is the Government's motion to dismiss for lack of subject matter jurisdiction and, in the alternative, to dismiss for failure to state a claim. [ECF No. 46]. For the reasons set forth below, the Government's motion, [ECF No. 46], is **DENIED** with leave to renew.

## I.  BACKGROUND

### A.  Factual Background

The Court provided a more detailed description of the factual background in its Order denying Akebia's motion for a preliminary injunction.  [ECF No. 72].  In short, Akebia's drug, Auryxia, was approved by the U.S. Food and Drug Administration for treatment of two kidney-related diseases and was covered as a Part D drug under the Medicare Part D Prescription Drug Program for both diseases.  [ECF No. 25-5 at 2].  Then, in September 2018, CMS revoked Part D coverage for one of the two diseases and advised that Part D plan sponsors would require patients to obtain prior authorization before Auryxia could be reimbursed for the other disease.  [ECF No. 18 at 3].  Following this adverse decision, Akebia met with officials from CMS and the U.S. Department of Health and Human Services in an effort to get Part D coverage reinstated.  [Id. at 3–4].  In October 2019, CMS confirmed that it would not revisit its decision regarding Auryxia's Part D coverage.  [Id. at 4].

### B.  Procedural Background

On October 15, 2019, Akebia filed its complaint in this action, alleging that CMS's decision regarding Auryxia violates the APA because it is both contrary to law and arbitrary and capricious.  [Compl. ¶¶ 53–70].  On October 29, 2019, Akebia filed a motion for a preliminary injunction.  [ECF No. 15].  On December 3, 2019, the Government opposed the motion, [ECF No. 48], and also moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  [ECF No. 46].  More specifically, the Government argues that the Court lacks subject matter jurisdiction to adjudicate Akebia's claims because they have not been presented and exhausted as required by the Medicare statute, and, even assuming jurisdiction, Akebia has failed to state a claim because there has been no final agency action as required for judicial review

under the APA.  [ECF No. 47 at 8–15].  Akebia opposed the Government's motion to dismiss on December 16, 2019, [ECF No. 59], and the Government filed a reply on January 13, 2020, [ECF No. 71].

On February 4, 2020, the Court denied Akebia's motion for a preliminary injunction, finding that Akebia failed to show that it is likely to succeed on the merits or that it would suffer irreparable harm in the absence of an injunction.  [ECF No. 72].  Having concluded that Akebia had not adequately demonstrated either likelihood of success on the merits or irreparable harm, both of which are required for a preliminary injunction, the Court did not reach the issues of whether (1) Akebia's claims have been presented and exhausted in a manner consistent with the Medicare statute, or (2) CMS's decision was a final agency action.  See generally [id.].

Pursuant to 28 U.S.C. § 1292(a)(1), which allows litigants to appeal interlocutory orders by district courts denying requests for injunctions, Akebia appealed the Court's denial of its motion for a preliminary injunction to the First Circuit.  [Akebia Therapeutics, Inc. v. Azar et al., No. 20-1161 (1st Cir. 2020) ("Akebia Appeal")].  The First Circuit heard oral argument on August 14, 2020 but has not yet issued an opinion.

Although the Court did not opine on whether Akebia's claims have been presented and exhausted in a manner consistent with the Medicare statute or on whether CMS's decision was a final agency action, the parties briefed those issues extensively for the First Circuit.  See [Akebia Appeal Appellant Br. at 39–47 (ECF No. 23 at 48–56), Appellee Br. at 13–23 (ECF No. 49 at 23–33), Appellant Reply Br. at 14–25 (ECF No. 60 at 20–31)].

**II.    LEGAL STANDARD**

"[A]n appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter

3

touching upon, or involved in, the appeal . . . ." United States v. Mala, 7 F.3d 1058, 1060–61 (1st Cir. 1993) (citing 9 James W. Moore et al., Moore's Federal Practice ¶ 203.11, at 3–45 (2d ed. 1993)). "Though judicially spawned, not legislatively ordained, this rule has sturdy roots." United States v. Brooks, 145 F.3d 446, 455–56 (1st Cir. 1998) (first citing Marrese v. Am. Acad. of Orthopedic Surgeons, 470 U.S. 373, 379 (1985); then citing United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987)). The rule "derives from the notion that shared jurisdiction almost always portends a potential for conflict and confusion . . . ." Id. at 456 (citations omitted). "Allowing more than one court to take charge of a case at any given moment often disserves the interests of comity and judicial economy." Id. (citing Shewchun v. United States, 797 F.2d 941, 943 (11th Cir. 1986)). Thus, an interlocutory appeal "ordinarily suspends the power of the district court to" adjudicate matters touching on the appeal "but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre." Cunningham v. Lyft, Inc., No. 19-cv-11974, 2020 WL 2616302, *2 (D. Mass. May 22, 2020) (citations and internal quotation marks omitted).

**III.    DISCUSSION**

Because Akebia has appealed the Court's denial of its request for a preliminary injunction—an interlocutory order made appealable by statute—the Court is "divested of authority to proceed with respect to any matter touching upon, or involved in," Akebia's appeal. See Mala, 7 F.3d at 1060–61. The instant question, therefore, is whether Defendants' motion to dismiss touches upon or is involved in Akebia's appeal.

In assessing whether to proceed despite a pending appeal, district courts evaluate the relationship between the matter before them and the issues on appeal. Some cases present easier questions. See, e.g., Brooks, 145 F.3d 446 (holding that district court could not empanel a jury

and start a criminal trial while Government's interlocutory appeal of the trial court's denial of its motion *in limine* regarding the admissibility of key evidence was pending); Maine v. Norton, 148 F. Supp. 2d 81 (D. Me. 2001) (staying case pending resolution of appeal regarding would-be intervenors' rights to intervene); In re Nineteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig., 982 F.2d 603 (1st Cir. 1992) (holding that pending appeal did not preclude district court from adjudicating motions for attorneys' fees). Others present more difficult questions. See, e.g., Pharm. Care Mgmt. Ass'n v. Maine Attorney Gen., 332 F. Supp. 2d 258 (D. Me. 2004) (declining to stay discovery pending appeal of preliminary injunction the district court had granted because the case would proceed to discovery regardless of the First Circuit's decision); OfficeMax Inc. v. County Qwik Print, Inc. No. 10-cv-00110, 2011 WL 1564620 (D. Me. Apr. 25, 2011) (holding that because the issue on appeal was the enforceability of noncompete agreements and the issues before the district court were whether fraud was sufficiently pled and the proper interpretation of a Maine statute concerning timely payment of wages, the district court retained jurisdiction).

Here, the legal issues raised by the appeal and in the Government's motion to dismiss significantly overlap. The Government asks the Court to dismiss Akebia's complaint for two independent reasons. First, it argues that "[b]ecause Akebia's claims have not received the administrative review required by statute, its complaint should be dismissed for lack of subject matter jurisdiction." [ECF No. 47 at 12]. Second, it argues that "[b]ecause the CMS Email is not the agency's conclusive statement on Part D coverage for Auryxia for iron deficiency anemia and establishes no legal consequences, it is not a final agency action subject to judicial review." [Id. at 16]. The Government has made identical arguments to the First Circuit. [Akebia Appeal, ECF No. 49 at 23 ("But Akebia's challenge is not subject to judicial review . . . because it has

not satisfied the statute's jurisdictional channeling requirement."); id. at 29 ("[E]ven if Akebia could avoid the jurisdictional bar . . . Akebia would lack a cause of action because the challenged email is not final agency action.")].  The parties have therefore put the same questions before both the Court and the First Circuit.  For that reason, the simultaneous exercise of jurisdiction "portends a potential for conflict and confusion."  Brooks, 145 F.3d at 456.[1]

The Court recognizes that the issues before this Court and the First Circuit are not identical.  This Court is tasked with deciding whether Akebia has met the burden necessary to survive a motion to dismiss whereas the First Circuit is tasked with deciding whether the Court's denial of Akebia's motion for a preliminary injunction was proper.  Nevertheless, there remains the potential for inconsistent adjudication of the same legal issues.  For instance, if the First Circuit were to reverse the Court's decision on Akebia's preliminary injunction request and the Court were to grant the Government's motion to dismiss, those decisions would be irreconcilable.  That is, if the First Circuit concludes that Akebia was entitled to a preliminary injunction, Akebia would, by definition, be able to survive a motion to dismiss (because the burden for the former is higher than the burden for the latter).  Similarly, if the First Circuit holds that Akebia was not entitled to a preliminary injunction because the Court lacked subject matter jurisdiction, Akebia would, by definition, be unable to survive a motion to dismiss.  Although it is possible that the First Circuit could issue an opinion that does not decide either of the two

---

[1] Although the procedural posture here is similar to the procedural posture in Pharmaceutical Care Management Ass'n and OfficeMax, this case is distinguishable.  Unlike in Pharmaceutical Care Management Ass'n, this case will not necessarily continue regardless of the First Circuit's decision.  As discussed above, the First Circuit could decide that the Court lacks subject matter jurisdiction, in which case the action would be dismissed.  And unlike in OfficeMax, two key legal issues before the Court and the First Circuit are essentially identical.  Thus, the proper course of action is to allow the First Circuit to decide Akebia's appeal first.

questions germane to the Government's motion to dismiss, the fact that the potential for "conflict and confusion" remains means that the Court lacks jurisdiction.

Even if the Court had jurisdiction, it would nonetheless elect to exercise its discretion and deny the Government's motion with leave to renew. See Thakhar v. United States, 389 F. Supp. 3d 160, 171 (D. Mass. 2019) (noting district courts' broad discretion to manage their dockets by, among other things, staying cases); Pharm. Care Mgmt. Ass'n, 332 F. Supp. 2d at 260 (acknowledging that the court had the discretion to stay proceedings but declining to do so). Because there is a significant chance that the First Circuit will opine on issues germane to the Government's motion to dismiss, particularly given how extensively the parties have briefed those issues on appeal, see [Akebia Appeal Appellant Br. at 39–47 (ECF No. 23 at 48–56); Appellee Br. at 13–23 (ECF No. 49 at 23–33); Appellant Reply Br. at 14–25 (ECF No. 60 at 20–31)], it is in the interests of efficiency and judicial economy for the Court to wait until the First Circuit has issued its opinion.

## IV.     CONCLUSION

Accordingly, the Government's motion to dismiss, [ECF No. 46], is DENIED with leave to renew. Because the Government's motion touches on Akebia's pending appeal, the Court lacks jurisdiction to consider the Government's motion. Even if the Court had jurisdiction, the Court would exercise its discretion and decline to pass judgment on the Government's motion in the interests of judicial economy.

**SO ORDERED.**

September 24, 2020                                                      /s/ Allison D. Burroughs
                                                                                ALLISON D. BURROUGHS
                                                                                U.S. DISTRICT JUDGE